**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MAY CHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CV-07824** |
| | ) | |
| | ) | **District Judge Matthew F. Kennelly** |
| **YORK SOLUTIONS, LLC, and** | ) | **Magistrate Judge Sheila Finnegan** |
| **HEALTH CARE SERVICE** | ) | |
| **CORPORATION** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT YORK SOLUTIONS, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

York Solutions, LLC ("York"), by and through counsel, for their Answer and Affirmative Defenses responds to the First Amended Complaint allegations and states:

1.      Plaintiff brings this claim against her former employer, York and HCSC (hereafter collectively "Defendants"), for violations of Plaintiff's rights under the Illinois Human Rights Act ("IHRA").  Specifically, Defendants discriminated against Plaintiff based on her disability when they discharged her from her employment on or about January 25, 2008.  In addition, Defendants retaliated against Plaintiff for her good faith opposition to discrimination and/or requests for accommodation and unlawfully failed to grant Plaintiff's reasonable requests for accommodation of her disability.

**RESPONSE:**

**York denies the allegations contained in Paragraph 1 of the Complaint.**

2.      The Plaintiff, May Chan, is a citizen of the United States and a former employee of Defendants, York and HCSC.  At all times relevant to this Complaint, Plaintiff worked for Defendants in Cook County, Illinois.

**RESPONSE:**

**York admits Chan was an employee of York and worked in Cook County, denies she was an employee of HCSC, and is without knowledge sufficient to form a belief as to the truth of her citizenship allegations, but has no reason to disbelieve her.**

3.      Defendant York Solutions, LLC, is an Illinois corporation, doing business in Cook County, Illinois.  York is a staffing agency that provides professional staffing services.

**RESPONSE:**

**York admits the allegations in Paragraph 3 of the Complaint.**

4.      Defendant Health Care Service Corporation is an Illinois corporation doing business in Cook County, Illinois.  HCSC is a health insurer that operates through its Blue Cross Blue Shield plans in Illinois.

**RESPONSE:**

**York admits the allegations in Paragraph 4 of the Complaint.**

5.      Plaintiff is a skilled business analyst.

**RESPONSE:**

**York admits the allegations in Paragraph 5 of the Complaint.**

6.      Plaintiff suffers from a medical condition that leaves Plaintiff substantially impaired and extremely sensitive to light.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore deny same.**

7.      As a result of Plaintiff's medical condition, she must wear dark protective eyewear and a hat with a visor in order to alleviate the symptoms of her medical condition.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore deny same.**

8.      In October 2007, Defendant York approached Plaintiff to represent Plaintiff as a qualified candidate to deliver professional services for Defendant HCSC.   HCSC selected Plaintiff for an employment interview upon receipt of Plaintiff qualifications.   York made arrangements for Plaintiff to interview with HCSC.

**RESPONSE:**

**York admits the allegations in Paragraph 8 of the Complaint.**

9.      In approximately October 2007, after Plaintiff interviewed with HCSC and before Plaintiff was extended an offer of employment by York or HCSC, Plaintiff was contacted by York, who informed Plaintiff that HCSC wanted to know why Plaintiff was wearing her protective devices through the interview process with HCSC.

**RESPONSE:**

**York admits the allegations in Paragraph 9 of the Complaint.**

10.      Also in approximately October 2007, after Plaintiff interviewed with HCSC and before Plaintiff was extended an offer of employment by York or HCSC, York inquired of

3

Plaintiff whether or not Plaintiff had a medical condition to wear her protective devices throughout the employment interview with HCSC.

**RESPONSE:**

> **York admits the allegations in Paragraph 10 of the Complaint.**

11.     In approximately October 2007, after Plaintiff interviewed with HCSC and before Plaintiff was extended an offer of employment by York or HCSC, HCSC called one of Plaintiff's references and inquired as to whether Plaintiff had a medical condition that required wearing her protective devices.  In October 2007, Plaintiff informed York's Manager of Placement services, Barbara Connelly, that this pre-employment inquiry had been made.

**RESPONSE:**

> **York denies Plaintiff ever told Barbara Connelly about this alleged incident.  York is without knowledge sufficient to form a belief as to the remainder of the allegations contained in Paragraph 11 of the Complaint and therefore deny same.**

12.     Before Plaintiff accepted her job with York and HCSC, York assured Plaintiff that wearing her protective devices did not violate either company's policy and that HCSC agreed to accommodate Plaintiff's disability.

**RESPONSE:**

> **York denies the allegations contained in Paragraph 12 of the Complaint.**

13.     Plaintiff began work for Defendants jointly on October 29, 2007.  On that date, Plaintiff reported for work at HCSC's office in Chicago, Illinois, Plaintiff received her compensation from and was a W-2 employee of York.  However, HCSC directed and controlled Plaintiff's duties.  Plaintiff reported her hours of work through HCSC's time-keeping system and reported directly to a supervisor at HCSC.

**RESPONSE:**

York admits Plaintiff reported to her assignment at HCSC on October 29 and received her compensation from and was a York employee. York is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of the Complaint and therefore deny same.

14. On approximately October 29, 2007, Plaintiff had a security photo taken on her first day of employment. Plaintiff wore her protective devices for the photo.

**RESPONSE:**

Without regard for the undefined, vague phrase "protective devices," York admits the remainder of the allegations contained in Paragraph 14 of the Complaint.

15. On or about October 29, 2007, at the end of Plaintiff's first day of employment with HCSC, York informed Plaintiff that if she chose to wear her protective devices, then HCSC said that her employment would be terminated. Plaintiff identified the medical necessity of her protective devices and formally requested the accommodation again.

**RESPONSE:**

York denies the allegations contained in Paragraph 15 of the Complaint.

16. The following day, on October 30, 2007, York asked Plaintiff to return to work at HCSC. York informed Plaintiff that HCSC had agreed to provide disability accommodation. Plaintiff requested to receive this disability accommodation agreement n writing. York agreed to provide Plaintiff with a written confirmation that both York and HCSC had agreed to Plaintiff's requested disability accommodation by the end of the day if Plaintiff would return to HCSC immediately.

**RESPONSE:**

**York denies the allegations contained in Paragraph 16 of the Complaint.**

17.     On October 30, 2007, Plaintiff returned to work at HCSC.  York did not provide Plaintiff with a written agreement at the designated time.   Upon repeated requests by Plaintiff for the written confirmation of disability accommodation, York informed Plaintiff that it would forward her request to their legal team.   Plaintiff was never provided the agreed written confirmation of the disability accommodation.

**RESPONSE:**

**York admits Plaintiff reported to her assignment at HCSC after October 29.  York denies the allegations contained in Paragraph 17 of the Complaint.**

18.     When Plaintiff returned to work HCSC on or about October 30, 2007, HCSC informed her that York had notified HCSC that Plaintiff had resigned.  Plaintiff informed HCSC that this was not true and that Plaintiff was misrepresented by York.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore deny same.**

19.     On approximately October 30, 2007, HCSC requested Plaintiff to remove her protective devices for the remaining duration of an 8-hour meeting.  Plaintiff reaffirmed a medical need for the protective devices.  HCSC allowed Plaintiff to attend the meeting and all future meetings with her protective devices.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore deny same.**

20.     In October 2007, Plaintiff signed a written contract with York pursuant to which HCSC agreed to employ her through December 31, 2007.  In approximately December 2007, based on Plaintiff's work performance, HCSC extended Plaintiff's period of employment through August 31, 2008.  HCSC updated its records to reflect that Plaintiff's period of employment was extended through August 31, 2008.  In approximately December 2007 and again on January 3, 2008, Plaintiff was informed by York that her work assignment with HCSC was extended to August 31, 2008.

**RESPONSE:**

**York admits Plaintiff signed a contract with York for Plaintiff to be assigned to HCSC through December 31, 2007, and that York and HCSC wished to extend that agreement beyond the December 31 term.  York denies the offered extension was ever accepted by Plaintiff.  York is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint and therefore deny same.**

21.     On approximately January 4, 2008, Plaintiff was informed that she needed to have another security photo taken.  Plaintiff requested York to provide the reason for the second photo.  York never responded to Plaintiff's request.

**RESPONSE:**

**York admits Plaintiff needed to have another security photo taken in early January 2008.  York denies the remaining allegations in contained in Paragraph 21 of the Complaint and therefore deny same.**

22.     On approximately January 7, 2008, Plaintiff reported to the HCSC security office for another security photo.  HCSC refused to take the second security photo and informed Plaintiff that Plaintiff's protective devices violated HCSC policy.  Plaintiff asked HCSC to

7

provide a copy of any policy of which she was allegedly in violation. Plaintiff's requests were not immediately answered.

**RESPONSE:**

> **York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny same.**

23. On approximately January 8, 2008, York sent Plaintiff an e-mail asking Plaintiff when she would be retaking her security photo. Plaintiff replied by e-mail to remind York that York had previously assured Plaintiff that her disability accommodation request had been accepted by both York and HCSC and that she would be permitted to wear her protective devices at all times.

**RESPONSE:**

> **York admits it sent Plaintiff an e-mail on January 8, 2008, asking when she would be taking the security photo. York denies the other allegations contained in Paragraph 23 of the Complaint and therefore deny same.**

24. On approximately January 11, 2008, HCSC created an "Identification Badge Photo Guidelines" that provided in part that glasses with sunglass tint are not allowed unless required for a medical condition and that headgear may not be worn, except for religious purposes. Prior to January 11, 2008, no such policy formally existed.

**RESPONSE:**

> **York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore deny same.**

25.    On approximately January 18, 2008, HCSC sent Plaintiff an e-mail with the post hoc HCSC photo ID policy for her review.  HCSC did not provide Plaintiff with any policy or procedure for Plaintiff to pursue a policy exception or a disability accommodation.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore deny same.**

26.    On approximately January 22, 2008, Plaintiff sent an e-mail to HCSC informing HCSC that she had previously been assured that an accommodation for her disability was being provided to her and that Plaintiff would be allowed to wear her protective devices.  Plaintiff renewed her request for an accommodation that she be permitted to wear her protective devices at all times.  HCSC never responded to Plaintiff's e-mail.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore deny same.**

27.    On or about January 25, 2008, Plaintiff sent follow up e-mail to HCSC to inquire if there were any further concerns or outstanding issues to address.  HCSC never responded to Plaintiff's e-mail.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore deny same.**

28.    On or about January 25, 2008, York informed Plaintiff that HCSC had terminated Plaintiff and that Plaintiff was not to return to HCSC's workplace.

**RESPONSE:**

**York denies the allegations contained in Paragraph 28 of the Complaint, and states further than Plaintiff never agreed to accept the extended assignment offered to her.**

29.     Plaintiff's disability is completely unrelated to her ability to perform her duties for York and HCSC.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore deny same.**

30.     At all times relevant to this Complaint, Plaintiff's work performance met Defendants' legitimate employment expectations.

**RESPONSE:**

**York denies the allegations contained in Paragraph 30 of the Complaint.**

31.     At all times described above, York knew that HCSC was using a discriminatory qualification standard for Plaintiff and failed to take corrective action.

**RESPONSE:**

**York denies the allegations contained in Paragraph 31 of the Complaint.**

32.     At all times relevant to this Complaint, both Defendants employed 15 or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the alleged violations in this First Amended Complaint.

**RESPONSE:**

**York admits the allegations in Paragraph 32 of the Complaint.**

33.     After Plaintiff's termination of employment from HCSC on January 25, 2008, York failed or refused to provide or refer Plaintiff to any further valid employment opportunities

because of her disability, her requests for accommodation, and/or her opposition to unlawful discrimination.

**RESPONSE:**

> **York denies the allegations contained in Paragraph 33 of the Complaint.**

34.     On or about June 18, 2008, Plaintiff timely filed administrative charges of discrimination against both Defendants with the Illinois Department of Human Rights ("IDHR"). These Charges of Discrimination were docketed with the IDHR as charge number 2008 CF 3762, against Defendant HCSC, and charge number 2008 CF 3823, against Defendant York

**RESPONSE:**

> **York admits the allegations in Paragraph 34 of the Complaint.**

35.     The Illinois Human Rights Act provides that employees can file their claims in state court within 90 days of receipt of notice when the IDHR dismisses a charge. See 775 ILCS 5/7A-102, subparagraphs (D)(3); (D)(4); and (G)(2).

**RESPONSE:**

> **York admits the allegations in Paragraph 35 of the Complaint.**

36.     On February 10, 2010, the IDHR dismissed Plaintiff's charge against Defendant HCSC.

**RESPONSE:**

> **York admits the allegations in Paragraph 36 of the Complaint.**

37.     On March 8, 2010, the IDHR dismissed Plaintiff's charge against Defendant York.

**RESPONSE:**

> **York admits the allegations in Paragraph 37 of the Complaint.**

38.     Plaintiff's original Complaint is timely filed within 90 days of her receipt of the IDHR's notice of dismissal with respect to each Defendant

**RESPONSE:**

**York admits the allegations in Paragraph 38 of the Complaint.**

39.     Subsequently, Plaintiff requested that the EEOC review the IDHR's determinations on her charges against York and HCSC.  The EEOC issued notices of Plaintiff's right to file suit in court on her claims under the ADA.

**RESPONSE:**

**Other than to admit the EEOC issued a Right to Sue on Plaintiff's charge against York, York does not have sufficient knowledge to form a belief as to the truth of the other allegations contained in Paragraph 39 of the Complaint and therefore denies same.**

40.     Plaintiff's First Amended Complaint was timely filed within 90 days of her receipt of the EEOC's notice of right to sue with respect to each Defendant.

**RESPONSE:**

**York admits the allegations contained in Paragraph 40 of the Complaint.**

41.     Plaintiff satisfied all conditions precedent to pursuing the claims alleged in this First Amended Complaint

**RESPONSE:**

**York denies the allegations contained in Paragraph 41 of the Complaint.**

## COUNT I

42.     Plaintiff repleads the allegations contained in all paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth herein.

**RESPONSE:**

**York restates and incorporates by reference its responses to the other paragraph allegations.**

43.     Both Defendant York and Defendant HCSC are employers within the meaning of the Illinois Human Rights Act.

**RESPONSE:**

**York admits it is an IHRA employer.  York is without sufficient knowledge to either admit or deny HCSC's status, especially in relation to Plaintiff and therefore deny same.**

44.     At all times relevant to this First Amended Complaint, Plaintiff was an employee of both Defendants as defined by the Illinois Human Rights Act.

**RESPONSE:**

**York denies the allegations contained in Paragraph 44 of the Complaint.**

45.     At all times relevant to this First Amended Complaint, Plaintiff suffered from a disability within the meaning of the Illinois Human Rights Act, Section I-103(I).

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and therefore deny same.**

46.     Section 6-101 of the Illinois Human Rights Act explicitly prohibits employers from retaliating against an employee because that employee opposed that which he or she reasonably and in good faith believes to be unlawful discrimination.

**RESPONSE:**

**York admits the allegations in Paragraph 46 of the Complaint.**

47.     As alleged herein, Plaintiff opposed conduct that she believed to be discrimination based on her disability.  Specifically, Plaintiff made requests for a reasonable accommodation of her disability and Plaintiff insisted on receiving copies of all of HCSC or York's policies that are affected or impacted by her disability.

**RESPONSE:**

   **York denies the allegations contained in Paragraph 47 of the Complaint.**

48.     Defendants violated the Illinois Human Rights Act by retaliation against Plaintiff. Specifically, after demanding to see Defendant HCSC's policies in violation by her disability, and demanding that Defendants accommodate her disability by allowing her to wear protective devices at all times, Defendants retaliated against Plaintiff by terminating her employment.

**RESPONSE:**

   **York denies the allegations contained in Paragraph 48 of the Complaint.**

49.     As a result of Defendants' unlawful conduct, Plaintiff suffered lost wages, emotional distress, and humiliation.

**RESPONSE:**

   **York denies the allegations contained in Paragraph 46 of the Complaint.**

50.     Plaintiff demands to exercise her right of a jury trial in this matter.

**RESPONSE:**

   **York acknowledges Plaintiff's jury demand, but denies any violations occurred.**

**COUNT II**

51.     Plaintiff repleads the allegations contained in all paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth herein.

**RESPONSE:**

**York restates and incorporates by reference its responses to the other paragraph allegations.**

52.     Both Defendant York and Defendant HCSC are employers within the meaning of the Illinois Human Rights Act.

**RESPONSE:**

**York admits it is an IHRA employer.  York is without sufficient knowledge to either admit or deny HCSC's status, especially in relation to Plaintiff and therefore deny same.**

53.     At all times relevant to this First Amended Complaint, Plaintiff was an employee of both Defendants as defined by the Illinois Human Rights Act.

**RESPONSE:**

**York denies the allegations contained in Paragraph 53 of the Complaint.**

54.     At all times relevant to this First Amended Complaint, Plaintiff suffered from a disability within the meaning of the Illinois Human Rights Act, Section i-103(I).

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and therefore deny same.**

55.     Section 1-103(Q) of the Illinois Human Rights Act explicitly prohibits discrimination in employment on the basis of disability.

**RESPONSE:**

**York admits disability is listed in the cited statute, but denies employment is mentioned therein.**

56.     As described above, Defendants violated the Illinois Human Rights by terminating Plaintiff's employment because of her disability.

**RESPONSE:**

**York denies the allegations contained in Paragraph 56 of the Complaint.**

57.     As a result of Defendants' unlawful conduct, Plaintiff suffered lost wages emotional distress, and humiliation.

**RESPONSE:**

**York denies the allegations contained in Paragraph 57 of the Complaint.**

58.     Plaintiff demands to exercise her right of a jury trial in this matter.

**RESPONSE:**

**York acknowledges Plaintiff's jury demand, but denies any violations occurred.**

**COUNT III**

59.     Plaintiff repleads the allegations contained in all paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth herein.

**RESPONSE:**

**York restates and incorporates by reference its responses to the other paragraph allegations.**

60.     At all times relevant to this First Amended Complaint, Plaintiff suffered from a disability within the meaning of the Illinois Human Rights Act, Section 1-103(I).

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and therefore deny same.**

61.     As set forth above, Plaintiff made the reasonable requests to Defendants that she be allowed to wear her protective devices at all times.

**RESPONSE:**

**York denies the allegations contained in Paragraph 61 of the Complaint.**

62.     Defendants refused this request and insisted that Plaintiff remove her protective devices for her photo ID.

**RESPONSE:**

**York denies the allegations contained in Paragraph 62 of the Complaint.**

63.     By refusing this request, Defendants discriminated against Plaintiff on the basis of her disability, in violation of the Illinois Human Rights Act, Section 1-103(Q).

**RESPONSE:**

**York denies the allegations contained in Paragraph 63 of the Complaint.**

64.     As a result of Defendants' unlawful conduct, Plaintiff suffered lost wages, emotional distress, and humiliation.

**RESPONSE:**

**York denies the allegations contained in Paragraph 64 of the Complaint.**

65.     Plaintiff demands to exercise her right of a jury trial in this matter.

**RESPONSE:**

**York acknowledges Plaintiff's jury demand, but denies any violations occurred.**

**COUNT IV**

66.     Plaintiff repleads the allegations contained in all paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth herein.

**RESPONSE:**

**York restates and incorporates by reference its responses to the other paragraph allegations.**

67.     At all times relevant to this First Amended Complaint, Plaintiff suffered from a disability within the meaning of the Illinois Human Rights Act, Section 1-103(I).

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and therefore deny same.**

68.     At all times relevant to this First Amended Complaint, Defendant York was an employment agency as defined by the Illinois Human Rights Act, Section 2-102(B).

**RESPONSE:**

**York admits the allegations in Paragraph 68 of the Complaint.**

69.     Defendant York discriminated against Plaintiff when it refused to refer Plaintiff for any further employment because of her disability, in violation of the Illinois Human Rights Act.

**RESPONSE:**

**York denies the allegations contained in Paragraph 69 of the Complaint.**

70.     As a result of Defendant York's unlawful conduct, Plaintiff suffered lost wages, emotional distress, and humiliation

**RESPONSE:**

**York denies the allegations contained in Paragraph 70 of the Complaint.**

71.     Plaintiff demands to exercise her right of a jury trial in this matter.

**RESPONSE:**

**York acknowledges Plaintiff's jury demand, but denies any violations occurred.**

**COUNT V**

72.     Plaintiff repleads the allegations contained in all paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth herein.

**RESPONSE:**

**York restates and incorporates by reference its responses to the other paragraph allegations.**

73.     Both Defendant York and Defendant HCSC are employers within the meaning of the Americans with Disabilities Act.

**RESPONSE:**

**York admits it is an ADA employer. York is without sufficient knowledge to either admit or deny HCSC's status, especially in relation to Plaintiff and therefore deny same.**

74.     At all times relevant to this First Amended Complaint, Plaintiff was an employee of both Defendants as defined by the Americans with Disabilities Act

**RESPONSE:**

**York denies the allegations contained in Paragraph 74 of the Complaint.**

75.     At all times relevant to this First Amended Complaint, Plaintiff suffered from a disability within the meaning of the Americans with Disabilities Act

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and therefore deny same.**

76.     Section 503 of the Americans with Disabilities Act (42 U.S.C. § 12203) explicitly prohibits employers from retaliating against an employee because that employee opposed that which he or she reasonably and in good faith believes to be unlawful discrimination or engaging in other protected activity.

**RESPONSE:**

**York admits the allegations in Paragraph 76 of the Complaint.**

77.     As alleged herein, Plaintiff opposed conduct that she believed to be discrimination based on her disability.  Specifically, Plaintiff made requests for a reasonable accommodation of her disability and Plaintiff insisted on receiving copies of all of HCSC or York's policies that are affected or impacted by her disability.

**RESPONSE:**

**York denies the allegations contained in Paragraph 77 of the Complaint.**

78.     Defendants violated the Americans with Disabilities Act by retaliating against Plaintiff.  Specifically, after demanding to see Defendant HCSC's policies in violation of her disability, and demanding that Defendants accommodate her disability by allowing her to wear protective devices at all times, Defendants retaliated against Plaintiff by terminating her employment.

**RESPONSE:**

**York denies the allegations contained in Paragraph 78 of the Complaint.**

79.     As a result of Defendants' unlawful conduct, Plaintiff suffered lost wages, emotional distress, and humiliation.

**RESPONSE:**

**York denies the allegations contained in Paragraph 79 of the Complaint.**

80.     Plaintiff demands to exercise her right of a jury trial in this matter.

**RESPONSE:**

**York acknowledges Plaintiff's jury demand, but denies any violations occurred.**

**COUNT VI**

81.     Plaintiff repleads the allegations contained in all paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth herein.

**RESPONSE:**

**York restates and incorporates by reference its responses to the other paragraph allegations.**

82.     Both Defendant York and Defendant HCSC are employers within the meaning of the Americans with Disabilities Act.

**RESPONSE:**

**York admits it is an ADA employer.  York is without sufficient knowledge to either admit or deny HCSC's status, especially in relation to Plaintiff and therefore deny same.**

83.     At all times relevant to this First Amended Complaint, Plaintiff was an employee of both Defendants as defined by the Americans with Disabilities Act.

**RESPONSE:**

**York denies the allegations contained in Paragraph 83 of the Complaint.**

84.     At all times relevant to this First Amended Complaint, Plaintiff suffered from a disability within the meaning of the Americans with Disabilities Act.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and therefore deny same.**

85.     Section 102 of the Americans with Disabilities Act (42 U.S.C. § 12112) explicitly prohibits discrimination in employment on the basis of disability.

**RESPONSE:**

   **York admits the allegations contained in Paragraph 85 of the Complaint.**

86.     As described above, Defendants violated the Americans with Disabilities Act by terminating Plaintiff's employment because of her disability.

**RESPONSE:**

   **York denies the allegations contained in Paragraph 86 of the Complaint.**

87.     As a result of Defendants' unlawful conduct, Plaintiff suffered lost wages, emotional distress, and humiliation.

**RESPONSE:**

   **York denies the allegations contained in Paragraph 87 of the Complaint.**

88.     Plaintiff demands to exercise her right of a jury trial in this matter.

**RESPONSE:**

   **York acknowledges Plaintiff's jury demand, but denies any violations occurred.**

<strong>COUNT VII</strong>

89.     Plaintiff repleads the allegations contained in all paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth herein.

**RESPONSE:**

   **York restates and incorporates by reference its responses to the other paragraph allegations.**

22

90.     At all times relevant to this First Amended Complaint, Plaintiff suffered from a disability within the meaning of the Americans with Disabilities Act.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore deny same.**

91.     As set forth above, Plaintiff made the reasonable request to Defendants that she be allowed to wear her protective devices at all times

**RESPONSE:**

**York denies the allegations contained in Paragraph 91 of the Complaint.**

92.     Defendants refused this request and insisted that Plaintiff remove her protective devices for her photo ID.

**RESPONSE:**

**York denies the allegations contained in Paragraph 92 of the Complaint.**

93.     By refusing this request, Defendants discriminated against Plaintiff on the basis of her disability, in violation of the Americans with Disabilities Act.

**RESPONSE:**

**York denies the allegations contained in Paragraph 93 of the Complaint.**

94.     As a result of Defendants' unlawful conduct, Plaintiff suffered lost wages, emotional distress, and humiliation.

**RESPONSE:**

**York denies the allegations contained in Paragraph 94 of the Complaint.**

95.     Plaintiff demands to exercise her right of a jury trial in this matter.

**RESPONSE:**

> **York acknowledges Plaintiff's jury demand, but denies any violations occurred.**

### COUNT VIII

96.     Plaintiff repleads the allegations contained in all paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth herein.

**RESPONSE:**

> **York restates and incorporates by reference its responses to the other paragraph allegations.**

97.     At all times relevant to this First Amended Complaint, Plaintiff suffered from a disability within the meaning of the Americans with Disabilities Act.

**RESPONSE:**

> **York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore deny same.**

98.     At all times relevant to this first Amended Complaint, Defendant York was an employer or employment or referral agency and, thereby, a covered entity as defined by the Americans with Disabilities Act.

**RESPONSE:**

> **York admits the allegations in Paragraph 98 of the Complaint.**

99.     At all times relevant to this First Amended Complaint, Defendant HCSC was an employer and, thereby, a covered entity as defined by the Americans with Disabilities Act.

**RESPONSE:**

> **York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint and therefore denies same.**

100.    Defendants discriminated against Plaintiff when they participated in a contractual or other arrangement that had the effect of subjecting Plaintiff to discrimination in violation of the Americans with Disabilities Act.

**RESPONSE:**

**York denies the allegations contained in Paragraph 100 of the Complaint.**

101.    As a result of Defendants' unlawful conduct, Plaintiff suffered lost wages, emotional distress, and humiliation.

**RESPONSE:**

**York denies the allegations contained in Paragraph 101 of the Complaint.**

102.    Plaintiff demands to exercise her right of a jury trial in this matter.

**RESPONSE:**

**York acknowledges Plaintiff's jury demand, but denies any violations occurred.**

**COUNT IX**

103.    Plaintiff repleads the allegations contained in all paragraphs of this First Amended Complaint and incorporates them by reference as if fully set forth herein.

**RESPONSE:**

**York restates and incorporates by reference its responses to the other paragraph allegations.**

104.    At all times relevant to this First Amended Complaint, Plaintiff suffered from a disability within the meaning of the Americans with Disabilities Act.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and therefore deny same.**

105.    At all times relevant to this First Amended Complaint, Defendant York was an employer or employment or referral agency and, thereby, a covered entity as defined by the Americans with Disabilities Act.

**RESPONSE:**

**York admits the allegations in Paragraph 105 of the Complaint.**

106.    At all times relevant to this First Amended Complaint, Defendant HCSC was an employer and, thereby, a covered entity as defined by the Americans with Disabilities Act.

**RESPONSE:**

**York is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and therefore deny same.**

107.    Defendants discriminated against Plaintiff when they made medical inquiries that were not job related nor consistent with business necessity in violation of the Americans with Disabilities Act.

**RESPONSE:**

**York denies the allegations contained in Paragraph 107 of the Complaint.**

108.    As a result of Defendants' unlawful conduct, Plaintiff suffered lost wages, emotional distress, and humiliation.

**RESPONSE:**

**York denies the allegations contained in Paragraph 108 of the Complaint.**

109.    Plaintiff demands to exercise her right of a jury trial in this matter.

**RESPONSE:**

**York acknowledges Plaintiff's jury demand, but denies any violations occurred.**

## AFFIRMATIVE DEFENSES

1.     **Failure to State a Cause of Action** – All claims of Plaintiff, if any she had, are barred because Plaintiff cannot demonstrate her alleged medical condition, if any, rose to the level of a disability under the Act or the ADA.  And, even if she could demonstrate she was disabled under the Act or the ADA, she cannot demonstrate she ever provided York any medical information surrounding her disability, even when specifically asked by York.  Finally, even if she is deemed disabled and is somehow found to have provided sufficient information to explain her disability to York, she cannot demonstrate her alleged disability, as opposed to her refusal to cooperate with York in the accommodation process or to accept the extended assignment offered to her, motivated York to allow her term to expire.

2.     **Lack of Damages/Failure to Properly Mitigate Damages** – All claims of Plaintiff, if any she had, are barred because Plaintiff did not suffer and may not even be claiming any alleged actual damages, and if she is, she likely failed to properly mitigate her alleged damages.  On information and belief, Plaintiff has not properly attempted to mitigate any alleged damages.

3.     **Laches** – All claims of Plaintiff, if any she had, are barred by Laches because Plaintiff's refusal to cooperate with York's reasonable requests for information, and her refusal to accept York's offer of an extended term, caused her term to expire.

4.     **Estoppel** – All claims of Plaintiff, if any she had, are barred because Plaintiff's refusal to cooperate with York's reasonable requests for information, and her refusal to accept York's offer of an extended term, caused her term to expire, and she is estopped from using her strange conduct to recover from York.

WHEREFORE, York denies Plaintiff is entitled to the relief prayed for in the Amended

Complaint. York requests that this Court dismiss Plaintiff's Amended Complaint with Prejudice

and award York its attorneys' fees, costs, and such other relief as is just under the circumstances.


Dated: December 16, 2010                    Respectfully submitted,


                                            s/Michael A. Paull

                                            MICHAEL A. PAULL (#6194021)
                                            BRIAN S. SCHWARTZ (#6273020)
                                            KLEIN DUB & HOLLEB, LTD.
                                            660 LaSalle Place, Suite 100
                                            Highland Park, Illinois 60035
                                            (847) 681-9100
                                            map@labor-law.com

                                            *Attorneys for York*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing York Solutions, LLC's, Answer and Affirmative Defenses to First Amended Complaint upon the below-listed attorneys of record via ECF before 5:30 p.m. on December 16, 2010.

J. Bryan Wood
The Law Office of J. Bryan Wood
545 South Dearborn Street, Suite 660
Chicago, IL 60605

Matthew D. Lango
Hayes Lango LLP
4256 N. Ravenswood Avenue, Suite 217
Chicago, IL 60613

Michael A. Wilder
Dana S. Connell
Littler Mendelson
321 N. Clark Street, Suite 1000
Chicago, IL 60654

s/Michael A. Paull
Michael A. Paull